**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**UNITED STATES**

v.                                                          Case No. 7:20-CR-05 (HL)

**RICHARD DUFF**,

            Defendant.

**ORDER**

This case is before the Court on Defendant Richard Duff's motion to review and reverse order of pretrial detention. (Doc. 39). Upon conducting a *de novo* review, the Court adopts the findings of fact and conclusions of law of United States Magistrate Judge Thomas Q. Langstaff and adopts Judge Langstaff's pretrial detention order. This order memorializes the Court's oral ruling issued from the bench after hearing argument from the parties on August 3, 2020.

**I.    BACKGROUND**

Defendant Richard Duff is one of three defendants indicted on February 12, 2020 for one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 841. (Doc. 1). On July 9, 2020, Judge Langstaff held a Detention hearing, during which he determined that there is probable cause that Defendant committed an offense for which the maximum sentence is a prison term of ten years or more. (Doc. 37). Judge Langstaff further found that through the testimony of witnesses, Defendant overcame the

statutory presumption for detention established by 18 U.S.C. § 3142(e)(1). (*Id.*). However, upon careful consideration of the four factors enumerated in § 3142(g), Judge Langstaff found (1) that the weight of the evidence against Defendant is strong; (2) that Defendant has previously failed to appear in court as ordered; (3) that Defendant has previously attempted to evade law enforcement; (4) that Defendant participated in criminal activity while on probation, parole, or supervision. (Doc. 37). Accordingly, Judge Langstaff concluded that Defendant's detention was warranted.

On July 30, 2020, Defendant filed a motion to review the bond order, arguing that Defendant poses no risk of flight or a danger to the community as evidenced by his significant family ties. (Doc. 39). On August 3, 2020, the Court held a hearing and heard oral argument from the parties.[1]

## II.   STANDARD OF REVIEW

A person ordered detained by a magistrate judge may seek prompt review of the order by the district court. 18 U.S.C. § 3145(b). The district court reviews the magistrate's denial of bail *de novo*. *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir. 1987). The court must conduct an independent review regarding the appropriateness of pretrial detention. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). A hearing is not required; the court may explicitly adopt the

---

[1] Defendant consented to appear by video teleconference. (Doc. 41).

2

findings and conclusions of the magistrate. *Id.* Nevertheless, should the court decide that additional evidence is required, it may conduct an independent hearing. *Id.* "[I]f the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." *Id.* at 490–91.

## III.   DISCUSSION

The Bail Reform Act, which governs the pretrial release or detention of defendants, creates a rebuttable presumption in favor of releasing defendants on bond pending trial, except for certain offenses where the presumption is against release:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed . . . [a federal drug offense] for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

18 U.S.C. § 3142(e)(3)(A). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990) (citing *United States v. Hurtado*, 779 F.2d 1467, 1479 (11th Cir. 1985)). To rebut the presumption, the defendant must produce evidence to satisfy the court that he was neither dangerous nor likely to flee if released on bail. *Id.*; *see also Hurtado*, 779 F.2d at

3

1470 n. 4 ("Once the government establishes probable cause it becomes the task of the defendant to come forward with some quantum of evidence contrary to the fact presumed by the statute."). If the evidence presented by the defendant is sufficient to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relative to the factors listed in section 3142(g)." *King*, 849 F.2d at 488. Those factors include (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including the defendant's family and community ties, employment and financial resources, and criminal history; and (4) the nature and seriousness of the danger posed by the defendant to any person or the community. 18 U.S.C. § 3142(g). The burden of persuasion remains with the government to show either by a preponderance of the evidence that the defendant poses a risk of flight and that no condition or combination of conditions will reasonably assure the defendant's presence at future court proceedings or by clear and convincing evidence that the defendant poses a danger to the community. *Quartermaine*, 913 F.3d at 917.

Defendant here was indicted under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (Doc. 1). The indictment alleges that Defendant, along with his co-conspirators, conspired to possess methamphetamine with intent to distribute the drug. Such an offense carries a maximum punishment of ten years or more, and

thus the Court applies the statutory presumption against release. 21 U.S.C. § 841(b); 18 U.S.C. § 1342(e).

Judge Langstaff conducted a lengthy hearing on July 9, 2020. (Doc. 37). Defendant produced the testimony of Defendant's father, Defendant's girlfriend, and his girlfriend's parents. (*Id.*). These witnesses provided credible evidence of Defendant's strong community ties and the improbability that Defendant would be a threat to the community. (*Id.*). After considering all the evidence, Judge Langstaff found that Defendant satisfied the burden of production to overcome the presumption in favor of detention. However, upon weighing each of the factors enumerated in § 3142(g), Judge Langstaff ultimately found that the government presented clear and convincing evidence that no set of conditions will reasonably assure the safety of the community. (Doc. 37, p. 2). Judge Langstaff also found that no set of conditions will reasonably assure Defendant's appearance in further proceedings. (*Id.*). In ordering Defendant's detention, Judge Langstaff noted several key factors, including Defendant's prior failure to appear in court, his prior attempts to evade law enforcement, his prior criminal history, and his history of participating in criminal activity while on probation or other supervision. (*Id.* at pp. 2–3).

At the hearing held in this Court on August 3, 2020, the Court heard from Ronnie Duff, Defendant's father. Mr. Duff testified that if released, Defendant would live at his home. Mr. Duff would do everything in his power to ensure that

Defendant would appear at court for further proceedings and otherwise comply with the Court's release order. Defendant and Mr. Duff have lived in Lowndes County for many years, where Mr. Duff has significant ties to the community. Mr. Duff is obviously a man of character who is concerned with the welfare of his son, and the Court believes that Mr. Duff would provide a stable and supportive home for Defendant.

Nevertheless, this Court explicitly adopted Judge Langstaff's findings of fact and conclusions of law. In particular, Defendant's prior history of failing to appear in court while on bail raises concern regarding Defendant's risk of flight. Defendant has shown a proclivity for fleeing law enforcement and engaging in further criminal activity while under supervision. Accordingly, the Court upheld Judge Langstaff's findings and conclusions and ordered that bond be denied to Defendant.

## IV.    CONCLUSION

As announced in open court and in the presence of Defendant, the Court adopted the findings of fact and conclusions of law of United States Magistrate Thomas Q. Langstaff. Defendant's motion to review and reverse the order of detention is **DENIED**. (Doc. 39). Defendant shall remain in the custody of the United States Marshals Service pending trial.

**SO ORDERED** this 6th day of August, 2020.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

kac